13-4702-cr
*United States v. Roy*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                        No. 13-4702-cr

EMMANUEL ROY,

> *Defendant-Appellant*,

DANNY SIONY, AKA Rahim Siuny Kalimi,
SHIRIN KALIMI, AKA Shirin Siouny, TARIFF
DILL, CONSTANTINE GIANNAKOS,

> *Defendants*.

———————————————————————

For Defendant-Appellant:                B. ALAN SEIDLER, New York, NY.

1

For Appellee:                          ROBERT L. BOONE, Assistant United States Attorney
                                       (Brian A. Jacobs, Assistant United States Attorney,
                                       *on the brief*), *for* Preet Bharara, United States
                                       Attorney for the Southern District of New York,
                                       New York, NY.

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Emmanuel Roy appeals from a judgment of conviction, entered on December 10, 2013, by the U.S. District Court for the Southern District of New York (Griesa, *J.*), following a jury trial in which Roy was convicted of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, three counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349. On appeal, Roy argues that the district court erred by: (1) dismissing a juror who knew a defense witness; (2) providing a jury instruction on the reasonable doubt standard that failed to compare that standard to other lower standards of proof and that included an allegedly improper "hesitate to act" formulation of reasonable doubt; (3) failing to instruct the jury on the "factual underpinnings" of Roy's charged crimes; (4) failing to provide the jurors with a copy of the Indictment; and (5) excluding certain expert testimony.[1] For the reasons explained below and in

---

[1] Roy also argues that the district court erred by failing to instruct the jury that there is an "overt act" element for the two conspiracy charges under 18 U.S.C. § 1349. We address this issue in a separate opinion, in which we hold that proof of an overt act is not required for a conspiracy conviction under 18 U.S.C. § 1349 and that the district court therefore did not err in failing to instruct the jury on that element.

the separate opinion that will be filed with this order, we affirm the judgment of the district court. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Roy first argues that the district court erred by dismissing a juror who indicated that she knew a key defense witness after that witness had testified. "District courts have broad discretion under Federal Rule of Criminal Procedure 24(c) to replace a juror at any time before the jury retires if the court finds that a juror is unable or disqualified to perform her duties." *United States v. Fazio*, 770 F.3d 160, 169 (2d Cir. 2014) (internal quotation marks and alterations omitted). "Removal of a juror is the prerogative of the court and does not require the consent of any party." *Id.* (internal quotation marks omitted). "A reviewing court should not disturb the trial judge's exercise of discretion in dismissing a juror unless there is a bias or prejudice to the defendant." *United States v. Gambino*, 951 F.2d 498, 503 (2d Cir. 1991) (internal quotation marks omitted). "Prejudice in this context exists when the discharge is without factual support, or for a legally irrelevant reason." *Fazio*, 770 F.3d at 170 (internal quotation marks omitted).

Here, the juror at issue said that she knew a defense witness from "25 years ago." Trial Tr. 671. In the judgment of the district court, this witness "was an important defense witness." Trial Tr. 678. Given the witness's role and the juror's previous interactions with the witness, we do not find that the discharge was an abuse of discretion or that it was "without factual support, or for a legally irrelevant reason." *Fazio*, 770 F.3d at 170 (internal quotation marks omitted).

Roy also challenges several of the district court's instructions to the jury. We review *de novo* a district court's jury instruction. *See United States v. Naiman*, 211 F.3d 40, 50 (2d Cir. 2000). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Id.* at 51 (internal quotation marks omitted). A

3

defendant challenging a jury instruction must demonstrate that he requested a charge that "accurately represented the law in every respect" and that the charge delivered was erroneous and prejudicial. *United States v. Applins*, 637 F.3d 59, 72 (2d Cir. 2011) (internal quotation marks omitted). In reviewing jury instructions, we look not only to the particular words or phrases challenged by the defendant, but also to "the instructions as a whole to see if the entire charge delivered a correct interpretation of the law." *United States v. Al Kassar*, 660 F.3d 108, 127 (2d Cir. 2011) (internal quotation marks omitted). As a general matter, no particular wording is required for an instruction to be legally sufficient, so long as "taken as a whole" the instructions correctly convey the required legal principles. *Victor v. Nebraska*, 511 U.S. 1, 5 (1994) (internal quotation marks omitted). The trial court "has discretion to determine what language to use in instructing the jury as long as it adequately states the law." *United States v. Alkins*, 925 F.2d 541, 550 (2d Cir. 1991).

Additionally, Rule 30 of the Federal Rules of Criminal Procedure provides that "[a] party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." Fed. R. Crim. P. 30(d).

Roy challenges the district court's instruction on reasonable doubt in two ways. Because Roy did not raise a timely and specific objection to this instruction before the district court, we review those instructions only for plain error. *United States v. Middlemiss*, 217 F.3d 112, 121 (2d Cir. 2000); *see United States v. Shaoul*, 41 F.3d 811, 817 (2d Cir. 1994) ("The error must be so plain that the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." (internal quotation marks and alterations omitted)).

4

On appeal, Roy argues that the reasonable doubt instruction was deficient because it did not place "reasonable doubt in the context of other standards applicable in criminal cases." Appellant's Br. 24. Roy cites no cases in support of this proposition, however, and the Supreme Court has made clear that there is no requirement "that any particular form of words be used in advising the jury of the government's burden of proof." *Victor*, 511 U.S. at 5. Additionally, Roy contends that the district court erred in including the "hesitate to act" formulation of the reasonable doubt standard. But both the Supreme Court and this Court have expressly approved instructions defining reasonable doubt using the "hesitate to act" standard. *See Holland v. United States*, 348 U.S. 121, 140 (1954); *see also Victor*, 511 U.S. at 20–21; *Perez v. Irwin*, 963 F.2d 499, 502 (2d Cir. 1992). As such, the reasonable doubt instruction was not plainly erroneous.

Roy also contends that the jury charge was flawed because the district court did not explain to the jury the "factual underpinnings of the charged crimes." Appellant's Br. 31. Specifically, Roy argues that the district court "refused to inform the jury how Count One . . . could be placed in [the] context of Roy's conduct." *Id.* at 32. Roy misapprehends the purpose of jury instructions, however, because they should primarily "instruct the jury on the law." Fed. R. Crim. P. 30(a). Further, when reviewing the instructions as a whole, we conclude that the district court provided a full, straightforward explanation of the charges against Roy and included descriptions of a number of relevant facts.

Next, Roy argues that the district court erred by refusing to provide the jury with a copy of the Indictment. This argument fails as well because there is no legal requirement that jurors be provided with a copy of an indictment. *See United States v. Esso*, 684 F.3d 347, 350 (2d Cir. 2012) (noting that it has been "long recognized that trial courts may, in their discretion, permit

5

the jury to take a copy of the indictment into the jury room" (internal quotation marks and alterations omitted)); *United States v. Press*, 336 F.2d 1003, 1016 (2d Cir. 1964) (noting that the decision whether to "give the indictment to the jury for use during its deliberations" rests "in the sound discretion of the court").

Finally, we construe Roy's letter dated March 23, 2015, which was filed pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, as an argument that the district court erred by not admitting certain expert testimony. But arguments not raised in an appellant's opening brief are generally waived, even if those arguments were raised before the trial court. *See, e.g.*, *McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir. 2005). Additionally, even if we were to consider Roy's challenge, it has no merit. *See, e.g.*, *Zuchowicz v. United States*, 140 F.3d 381, 386 (2d Cir. 1998) ("We review the district court's decision to admit or exclude expert testimony under a highly deferential abuse of discretion standard.").

We have considered Roy's remaining arguments and find them to be without merit. For the reasons stated herein and in the separate opinion accompanying this order, the district court's judgment of conviction is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6